**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jose Maria Vega-Soto,<br><br>Plaintiff,<br><br>v.<br><br>Kristi Noem, Secretary, U.S. Department of Homeland Security, et al.,<br><br>Defendants. | No. CV-25-01065-PHX-MTL<br><br>**ORDER** |

Before the Court is Defendants' Motion to Dismiss (Doc. 8). The motion is fully briefed. The Court finds that the issues are adequately presented in the briefs, and that oral argument is unnecessary because it will not aid the decisional process. LRCiv 7.2(f).

**I.**

Plaintiff entered the United States in 2003, briefly returned to Mexico, reentered in September 2004, and has been residing in Arizona. (Doc. 1 ¶ 22.) He married his spouse in 2012, and they divorced on June 15, 2018, after an abusive relationship. (*Id.* ¶ 23, 26.)

Under the Violence Against Women Act, an alien may petition the government for immigrant classification. 8 U.S.C. § 1154(a)(1)(A). The alien must demonstrate that:

> (aa) the marriage or the intent to marry the United States citizen was entered into in good faith by the alien; and
>
> (bb) during the marriage or relationship intended by the alien to be legally a marriage, the alien or a child of the alien has been battered or has been the subject of extreme cruelty perpetrated by the alien's spouse or intended spouse.

*Id.* at (iii)(I). An alien has two years following the termination of his marriage to file a petition. *Id.* at (a)(1)(A)(iii)(II)(aa)(CC)(ccc).

Plaintiff filed a petition, and U.S. Citizenship and Immigration Services denied it. (Doc. 1 ¶ 28.) The Administrative Appeals Office then denied Plaintiff's appeal. (Doc. 8-1.)* According to the AAO's decision, Plaintiff filed a VAWA petition in January 2021. (*Id.* at 3.) That is two years and six months after Plaintiff divorced his spouse on June 15, 2018 (Doc. 1 ¶ 26), and six months beyond the time period where a "legal termination of the marriage [had happened] within the past 2 years." 8 U.S.C. § 1154(a)(1)(A)(iii)(II)(aa)(CC)(ccc). The AAO's stated reason for denying Plaintiff's petition was that the two-year period had lapsed. (Doc. 8-1.)

Plaintiff filed suit against the government, challenging the denial under the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, and the Fifth Amendment. (Doc. 1.) Defendant moves to dismiss this case under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff does not sufficiently plead a claim under the APA because the two-year period is a statute of repose not subject to equitable tolling. (Doc. 8 at 1.) Plaintiff argues that the two-year period is a statute of limitations subject to equitable tolling. (Doc. 11 at 3.)

## II.

Plaintiff asks the Court to exercise its authority to set aside USCIS's denial because the decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); (Doc. 1.) "The arbitrary and capricious standard is 'highly deferential, presuming the agency action to be valid[,] and [requires] affirming the agency action if a reasonable basis exists for its decision." *Kern Cnty. Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006) (citation omitted). "Purely legal questions are reviewed de novo." *Howard v. F.A.A.*, 17 F.3d 1213, 1215 (9th Cir. 1994).

Under 8 U.S.C. § 1154(a)(1)(A)(iii)(II)(aa)(CC)(ccc), an alien must "demonstrate[]

* The Court takes judicial notice of the AAO's decision. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) ("Under Federal Rule of Evidence 201, [the Court] may take judicial notice of the records of state agencies and other undisputed matters of public record.").

a connection between the legal termination of the marriage within the past 2 years and battering or extreme cruelty." That provision is a statute of repose not subject to equitable tolling because it "puts an outer limit on the right to bring a civil action" that is "measured not from the date on which the claim accrues." *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014). The outer limit is two years after termination of the marriage, which is "equivalent to a 'cutoff.'" *Id.* (quoting *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991)).

Plaintiff's eligibility to file a petition accrued when he was "battered or . . . the subject of extreme cruelty." 8 U.S.C. § 1154(a)(1)(A)(iii)(I)(bb), (II)(aa)(CC)(ccc). The termination of the marriage—the event that starts the two-year timer—occurs independently of the battery and cruelty. *See Weddel v. Sec'y of Health & Human Servs.*, 100 F.3d 929, 931 (9th Cir. 1996) ("A statute of repose cuts off a cause of action at a certain time irrespective of the time of accrual of the cause of action."). Because it is a statute of repose, the two-year cutoff is not subject to equitable tolling. *CTS Corp.*, 573 U.S. at 9. Under the statute, the last day Plaintiff was permitted to file a petition was June 15, 2020, two years after his marriage terminated. Plaintiff filed his petition in January 2021. (Doc. 8-1 at 3.) Plaintiff does not and cannot plead that USCIS' decision, which includes the same reasoning as the Court sets out here, was arbitrary and capricious. Because granting leave to amend would be futile, and because Plaintiff does not request it, the Court will not grant leave to amend. *Accord Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

**IT IS THEREFORE ORDERED** that the hearing on Defendant's motion (Doc. 8) set for December 22, 2025, is **VACATED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 8) is **GRANTED**. This case is dismissed with prejudice.

. . .

. . .

. . .

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 18th day of December, 2025.

Michael T. Liburdi
United States District Judge